TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BESHAI (Cal. Bar No. 308030)
Assistant United States Attorney
    UNITED STATES ATTORNEY'S OFFICE
    411 W. Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone:    (714) 338-3541
    Facsimile:    (714) 338-3708
    E-Mail: andrew.beshai2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 20-79-JVS |
|---|---|
| Plaintiff, | AMENDED PLEA AGREEMENT FOR DEFENDANT RYAN RAY STAPLES |
| v. | |
| RYAN RAY STAPLES, | |
| Defendant. | |

    1.    This constitutes the amended plea agreement between Ryan Ray Staples ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.    Defendant agrees to:

        a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the single-count indictment in United States v. Ryan Ray Staples, CR No. 20-79-JVS,

which charges defendant with Bank Robbery in violation of 18 U.S.C. § 2113(a).

       b.    Not contest facts agreed to in this agreement.

       c.    Abide by all agreements regarding sentencing contained in this agreement.

       d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

       a.    Not contest facts agreed to in this agreement.

       b.    Abide by all agreements regarding sentencing contained in this agreement.

       c.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 2113(a) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 9 below. Defendant understands that the USAO is free to criminally prosecute defendant

1  for any other unlawful past conduct or any unlawful conduct that
2  occurs after the date of this agreement.  Defendant agrees that at
3  the time of sentencing the Court may consider the uncharged conduct
4  in determining the applicable Sentencing Guidelines range, the
5  propriety and extent of any departure from that range, and the
6  sentence to be imposed after consideration of the Sentencing
7  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).
8         d.   At the time of sentencing, provided that defendant
9  demonstrates an acceptance of responsibility for the offense up to
10 and including the time of sentencing, recommend a two-level reduction
11 in the applicable Sentencing Guidelines offense level, pursuant to
12 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
13 additional one-level reduction if available under that section.
14        e.   Recommend that defendant be sentenced to a term of
15 imprisonment no higher than the low end of the applicable Sentencing
16 Guidelines range.

## NATURE OF THE OFFENSE

18  4.   Defendant understands that for defendant to be guilty of
19 the crime charged in the indictment, that is, Bank Robbery, in
20 violation of Title 18, United States Code, Section 2113(a), the
21 following must be true:
22        a.   Defendant took money belonging to a financial
23 institution;
24        b.   Defendant used force and violence, or intimidation, in
25 doing so; and
26        c.   The deposits of the financial institution were then
27 insured by the FDIC.
28

## PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2113(a), is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

9. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On March 17, 2020, defendant entered the U.S. Bank branch at 1099 Lincoln Avenue, San Jose, California 95125 with a note demanding money. The teller felt intimidated and threatened by defendant. Defendant took $3,131.00, the money handed over by the teller, and exited the bank. The deposits of the U.S. Bank branch at 1099 Lincoln Avenue in San Jose, California were then insured by the FDIC.

On March 26, 2020, defendant entered the Bank of America branch at 3334 N. 16th Street in Phoenix, Arizona. Defendant walked up to a teller and slid a note that said, "STAY CALM, NO ALARMS EMPTY YOUR DRAWER AND PUT THE CASH ON THE COUNTER NO DYE PACKS NO ONE HAS TO GET HURT." The teller took the note and walked away from the counter. Defendant waited for a short time before leaving the bank without obtaining any money.

On May 28, 2020, defendant entered the U.S. Bank branch at 4350 Pacific Coast Highway in Torrance, California. Defendant walked up to a teller with a black bag in his hand, opened the bag, pulled out a note, and slid the note written in red ink that said, "This is a robbery. Give me your cash in your drawer, no dye, no tracers." The teller felt intimidated and threatened by defendant. Defendant took $500.00, the money handed over by the teller, and exited the bank. The deposits of the U.S. Bank branch at 4350 Pacific Coast Hwy in Torrance, California were then insured by the FDIC.

On June 5, 2020, defendant entered the U.S. Bank branch at 1153 Fair Oaks Avenue in South Pasadena, California. Defendant walked up to a teller with a blue bag in his hand, opened the bag, pulled out a note, and slid the note written in black ink that said, "This is a robbery. Large bills only. Empty out your drawer. No dye pack." The teller felt intimidated and threatened by defendant.

Defendant nodded "yes" to the teller, who took $1,289.00, the money handed over by the teller, and exited the bank. The deposits of the U.S. Bank branch at 1153 Fair Oaks Ave in South Pasadena, California were then insured by the FDIC.

On June 9, 2020, defendant entered the Bank of America branch at 4500 Barranca Parkway in Irvine, California. Defendant walked up to a teller and slid a note written in black Sharpie on a piece of dirty white paper that said, "Give me $5,000." Defendant pointed at the note, indicating he wanted the money now. The teller grabbed a plastic Bank of America bag from behind his desk, put money inside along with a tracking device, and handed it to defendant. The teller felt intimidated and threatened by defendant. Defendant took $1,072.00, the money placed in the bag by the teller, and exited the bank. The deposits of the Bank of America branch at 4500 Barranca Parkway in Irvine, California were then insured by the FDIC.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2B3.1(a) |
| Financial Institution: | +2 | U.S.S.G. § 2B3.1(b)(1) |
| Multi-Count Adjustment: | +4 | U.S.S.G. § 3D1.4(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 23 | |

12. Subject to paragraph 22 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

  b. The right to a speedy and public trial by jury.

  c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

  d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

  e. The right to confront and cross-examine witnesses against defendant.

  f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

  g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

  h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

14. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that

the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 57 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

16. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 46 months, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

17. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

18. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

19. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not

be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

20. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

21. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

22. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

*Andrew Beshai*            11/1/2021
ANDREW BESHAI            Date
Assistant United States Attorney

*[signature]*            10-28-21
RYAN RAY STAPLES            Date
Defendant

*[signature]*            10-28-21
KELLEY LANE MUNOZ            Date
Attorney for Defendant RYAN RAY STAPLES

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Ryan Staples_      10-28-21
RYAN RAY STAPLES      Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RYAN RAY STAPLE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible

15

pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_/s/ Kelley Lane Munoz_  10-28-21
KELLEY LANE MUÑOZ            Date
Attorney for Defendant RYAN RAY STAPLES